Francis J. "Casey" Flynn, Jr. (SBN 304712)
casey@lawofficeflynn.com
Law Office of Francis J. Flynn, Jr.
422 South Curson Avenue
Los Angeles, California 90036
Telephone: 314-662-2836
Facsimile: 1-855-710-7706

**ATTORNEYS FOR PLAINTIFF
JOHN DINAN AND THE PROPOSED CLASS**

*[Additional Counsel on Signature Page]*

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **JOHN DINAN, individually and on behalf of all others similarly situated,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**SANDISK LLC,**<br><br>　　　　　　　　　**Defendant.** | Case No. 5:18-cv-05420-BLF<br><br>**PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE**<br><br>Date: May 2, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Courtroom: 3, 5th Floor |

Pursuant to Federal Rule of Evidence 201, Plaintiff John Dinan ("Plaintiff") requests that this Court take Judicial Notice of the following attached exhibits:

1. Exhibit A, which is a true and correct copy (with the exception of highlights to portions of the lengthy document as is required under Section E(8) of Honorable Beth Labson Freeman's Standing Order Re Civil Cases, Rev. 12/14/2018, which states "The cited portions of depositions and other lengthy documents shall be highlighted for ease of reference) of U.S. Patent No. 7,546,515;

2. Exhibit B, which is a true and correct copy (with the exception of highlights to portions of the lengthy document as is required under Section E(8) of Honorable Beth Labson Freeman's

Standing Order Re Civil Cases, Rev. 12/14/2018, which states "The cited portions of depositions and other lengthy documents shall be highlighted for ease of reference) of U.S. Patent No. 9,390,774;

3. Exhibit C, which is a true and correct copy (with the exception of highlights to portions of the lengthy document as is required under Section E(8) of Honorable Beth Labson Freeman's Standing Order Re Civil Cases, Rev. 12/14/2018, which states "The cited portions of depositions and other lengthy documents shall be highlighted for ease of reference) of U.S. Patent No. 10,162,748; and

4. Exhibit D, which is a true and correct copy (with the exception of highlights to portions of the lengthy document as is required under Section E(8) of Honorable Beth Labson Freeman's Standing Order Re Civil Cases, Rev. 12/14/2018, which states "The cited portions of depositions and other lengthy documents shall be highlighted for ease of reference) of U.S. Patent No. 9,703,491.

## I.   PERTINENT PATENTS

SanDisk LLC (hereinafter, "SanDisk") and its related entities have represented to the United States Patent and Trademark facts consistent with Plaintiff's claims of false advertising. The patents are as follows:

First, U.S. Patent No. 7,546,515, attached hereto as **Exhibit A**, is a patent dealing flash memory (col. 1, ll. 46-53) and assigned to SanDisk Corporation. *See*, **Exhibit A** at 1. This patent explains the basics, i.e., that "individual items of data can be, for example, bits or bytes." Col. 5, ll. 46-49. This patent confirms that Plaintiff's binary counting system for flash memory is correct, when it states:

> "Because memory chips are treated as having a capacity that is given in particular discrete values (256 Megabyte, 512 Megabyte etc) such chips may be used as chip of a lower size. For example, a 1 GB chip that is defective may still be operated successively (sic, successfully) as a 512 Megabyte chip by using half its capacity * * *."

Col. 16, ll. 43-48.

The patent further admits, "In the example of a 1 Gigabyte chip operated as a 512 Megabyte chip, there may be anywhere between 512 Megabytes and 1 Gigabyte (*really 1024 Megabytes*) of usable capacity." Col. 16, ll. 51-54. (emphasis added). If a Megabyte were only a million bytes as SanDisk contends, then a Gigabyte would be 1000 Megabytes, not 1024 Megabytes.

Second, U.S. Patent No. 9,390,774, attached hereto as **Exhibit B**, is a patent dealing flash memory (col. 1, ll. 19-29) and assigned to SanDisk Technologies, Inc. See, **Exhibit B**, at 1. This patent specifically admits that a kilobyte equals 1,024 bytes. Col. 32, l. 3 ("1 KB = 1024 bytes"). As the Court may recall, Defendant's admission in Exhibit A is consistent with Plaintiffs contention that a kilobyte is $2^{10}$ or 1,024, that a Megabyte is 1,024 kilobytes or $2^{20}$, and that a Gigabyte is 1,024 Megabytes or $2^{30}$. *See* Doc. #19-1, The Sedona Conf. Journal, vol. 15, Fall 2014, defining Kilobyte at p. 335, Megabyte at p. 339 and Gigabyte at p. 329.

Third, U.S. Patent No. 10,162,748, attached hereto as **Exhibit C**, is a patent dealing flash memory (col. 1, ll. 47-64) and assigned to SanDisk Technologies, LLC. *See*, **Exhibit C**, at 1. The patent significantly admits the following:

> In some embodiments, for example, if a storage device *with an advertised capacity of 1 terabyte (TB)* is divided into m regions, each region will be (1 TB)/m in size (e.g. if m = 1024, each region will be *(1 TB)/1024 = 1 gigabyte (GB) in size)*, and if each region is divided into n sub-regions each sub-region will be ((1 TB)/m)/n in size (e.g., if m = 1024 and n = 1024, each sub - region will be *((1 TB)/1024)/1024 = 1 megabyte (MB ) in size)*.

Col. 11, ll. 39-47 (emphasis added). Thus, the patent clearly admits that advertised values are based off the Base 2 system as Plaintiff has alleged.

Fourth, U.S. Patent No. 9,703,491, attached hereto as **Exhibit D**, is a patent dealing flash memory (col. 1, ll. 24-31) and assigned to SanDisk Technologies, LLC. *See*, **Exhibit D** at 1. SanDisk repeats in this patent the same admissions found in U.S. Patent No. 10,162,748. *See* Col. 11, ll. 25-33. Significantly, the patent admits that 4 KB = 4098 bytes. Col. 13, ll. 60-62. This is consistent with the definition of a Kilobyte as 1,024 bytes, thus 4 KB = 4*1,024 or 4,098 bytes.

## II. LEGAL STANDARD FOR REQUEST FOR JUDICIAL NOTICE

The general rule on a motion to dismiss is that the Court may only consider the matters contained in the complaint, but in certain situations, the Court may also consider documents attached by the defendant accompanied with a request for judicial notice. *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 948 F. Supp. 2d 1131, 1143 (D. Haw. 2013). In the instant case, SanDisk has asked the Court to take judicial notice of certain alleged "standards" and claimed that SanDisk is only following the industry standard of 1 Gigabyte = one billion bytes. Under Fed. R. Evid. 201, the court can judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Fed.R.Evid. 201; *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Court should not take judicial notice of facts that are reasonably in dispute. *Id*. The effect of taking judicial notice under Fed. R. Evid. 201 is to preclude the opposing party from introducing contrary evidence and in effect, directing a verdict against a party as to the fact judicially noticed. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311 (S.D. Cal. 2003).

The United States Patent Office, based upon representations made to it by SanDisk, issued the above cited patents for flash memory devices and measured the memory thereof using a Base 2 standard as advocated by Plaintiff. If the alleged "standards" truly exist as claimed by SanDisk, one can only question why the U.S. Patent Office and SanDisk both ignored such standards when these patents were applied for and issued.

## III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that judicial notice be taken of the above-referenced documents pursuant to Federal Rule of Evidence 201. The above patents and their quoted contents call into question the factual claims of SanDisk, and if the Court is going to consider

SanDisk's requests for judicial notice, then the Court should also consider the Plaintiff's request for judicial notice of the above patents, and either estop SanDisk from taking positions contrary to what it has told the United States Patent and Trademark Office, or alternatively, disallow any judicial notice of documents from either Party.

Dated: January 30, 2019          Law Office of Francis J. Flynn, Jr.

       /s/ Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr.
casey@lawofficeflynn.com
Law Office of Francis J. Flynn, Jr.
422 South Curson Avenue
Los Angeles, California 90036
Telephone: 314-662-2836
Facsimile: 1-855-710-7706

James Rosemergy (to seek admission pro hac vice)
Paul Maddock (to seek admission pro hac vice)
CAREY, DANIS & LOWE
8235 Forsyth Boulevard
Saint Louis, Missouri 63105-1643
Tele: 314-725-7700 '
Email: jrosemergy@careydanis.com
Email: pmaddock@careydanis.com

**ATTORNEYS FOR PLAINTIFF
JOHN DINAN AND THE PROPOSED CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter.

Date: January 30, 2019                          By: /s/ Francis J. "Casey" Flynn, Jr