| | |
|---|---|
| 1 | KEITH E. EGGLETON, State Bar No. 159842 |
| | ANTHONY J WEIBELL, State Bar No. 238850 |
| 2 | AMIT Q. GRESSEL, State Bar No. 307663 |
| | WILSON SONSINI GOODRICH & ROSATI |
| 3 | Professional Corporation |
| | 650 Page Mill Road |
| 4 | Palo Alto, CA 94304-1050 |
| | Telephone: (650) 493-9300 |
| 5 | Facsimile: (650) 565-5100 |
| | E-mail: keggleton@wsgr.com |
| 6 | aweibell@wsgr.com |
| | agressel@wsgr.com |

Attorneys for Defendant
SANDISK LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DINAN, et. al., | Case No. 5:18-cv-05420-BLF |
| Plaintiffs, | **SANDISK LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT** |
| v. | |
| SANDISK LLC, | Date: December 12, 2019 |
| | Time: 9:00 AM |
| Defendant. | Judge: Hon. Beth Labson Freeman |
| | Courtroom: 3, 5th Floor |

SANDISK'S MOT. TO DISMISS AMENDED COMPLAINT
CASE NO. 5:18-CV-05420-BLF

**CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................................ iii

STATEMENT OF THE ISSUES ................................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

INTRODUCTION .......................................................................................................................... 1

STATEMENT OF FACTS AND ALLEGATIONS ....................................................................... 2

       A.      The Parties and the Product at Issue ................................................................... 2

       B.      The Base-10 Definition of "GB" is the Government-Adopted Definition .............. 2

       C.      Plaintiffs' "Base-2" Definition is Disapproved by Government and Industry ........ 3

       D.      Plaintiffs' Cited Dictionaries Include the Base-10 Definition of GB ..................... 4

       E.      Plaintiffs' Claims ....................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

I.     LEGAL STANDARD ......................................................................................................... 5

II.    THE COURT ALREADY DISMISSED THE CONTRACT CLAIM WITH PREJUDICE ........................................................................................................................ 6

III.   THE COURT ALREADY HELD THAT SANDISK'S PRODUCT LABELING PRECLUDES PLAINTIFFS' REMAINING CLAIMS .................................................... 6

IV.   PLAINTIFF'S CLAIMS ARE BARRED BY A STATUTORY SAFE HARBOR BECAUSE SANDISK USES THE STATUTORY DEFINITION OF GIGABYTE ........ 8

V.    DISMISSAL WITH PREJUDICE IS PROPER AS AMENDMENT IS FUTILE ........... 10

CONCLUSION ............................................................................................................................. 10

# AUTHORITIES

Page

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 5

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal 4th 163 (1999) ............................................................................................... 8, 9

*Desaigoudar v. Meyercord*,
    223 F.3d 1020 (9th Cir. 2000) ................................................................................... 10

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ........................................................................... 1, 6, 7, 10

*Epstein v. Wash. Energy Co.*,
    83 F.3d 1136 (9th Cir. 1996) ........................................................................................ 5

*Lopez v. Nissan N. Am., Inc.*,
    201 Cal. App. 4th 572 (2011) .................................................................................. 8, 9

*Suzuki v. Hitachi Glob. Storage Techs., Inc.*,
    2007 U.S. Dist. LEXIS 51605 (N.D. Cal. July 17, 2007) ..................................... 3, 8, 9

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ...................................................................................... 10

## STATUTES

15 U.S.C. § 205 ..................................................................................................................... 2

Cal. Bus. & Prof. Code § 12301 ........................................................................................ 2, 8

Cal. Bus. & Prof. Code § 12313 ........................................................................................ 2, 8

Cal. Bus. & Prof. Code § 17200 ("UCL") .................................................................... passim

Cal. Bus. & Prof. Code § 17500 ("FAL") .................................................................... passim

Cal. Civ. Code § 1750 ("CLRA") ................................................................................. passim

## RULES

Fed. R. Civ. P. 12(b)(6) ................................................................................................. iii, 5

*Metric System of Measurement: Interpretation of the International System of Units
    for the United States*,
    63 Fed. Reg. 40334 (July 28, 1998) ............................................................................. 3

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on December 12, 2019 at 9:00 AM, before the Honorable Beth Labson Freeman of the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant SanDisk LLC ("SanDisk") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the claims against SanDisk asserted by Plaintiffs John Dinan, Vamsi Choday, and Bren Cohee in this action ("Plaintiffs") in the Amended Complaint ("Am. Compl.") with prejudice for failure and inability to state a claim.

The motion is based upon this Notice of Motion; the Memorandum of Points and Authorities in support thereof; the Proposed Order filed herewith; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

# STATEMENT OF THE ISSUES

Should the claims against SanDisk be dismissed with prejudice under Federal Rule Civil Procedure 12(b)(6) because Plaintiffs have failed to and cannot state a claim?

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs' second attempt to state a claim in this action fails for the same reason the Court dismissed the prior complaint: Plaintiffs cannot state a claim for alleged consumer deception over the term "GB" (gigabyte) used on SanDisk's product packaging where that packaging expressly defines the term: "1GB = 1,000,000,000 bytes." As this Court previously held, "[w]hat ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what she is getting: the package *actually discloses* the fact that Plaintiff complains it omits, namely, the total number of bytes of storage." Order Granting Motion to Dismiss at 12, May 31, 2019, ECF No. 37 ("Dismissal Order"). Plaintiffs' Amended Complaint adds no new material facts that change this analysis or that demonstrate "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016) (affirming dismissal with prejudice of all label-based claims where plaintiff could not allege "facts to state a plausible claim that the [product] label is false, deceptive, or misleading").

The Amended Complaint merely: (i) attempts to add two new plaintiffs (without leave of Court) whose claims are not materially different from plaintiff Dinan; (ii) re-pleads the breach of contract claim that the Court already dismissed *with prejudice*; and (iii) re-pleads the consumer protection claims with the same fatal defects identified in the Court's prior dismissal order. Although Plaintiffs now allege that they purchased SanDisk devices to use with computers that define "GB" using a "binary system" of measuring bytes and that they did not notice the definition of "GB" on SanDisk's packaging or understand that their computers did not use the U.S. Government-adopted legal definition of "GB" used by SanDisk (Am. Compl. ¶¶ 1-3), such allegations are inapposite here. As the Court held in the prior dismissal order: allegations that "the reasonable consumer does not know how many bytes her *computer* requires" are "more appropriately directed at the computer manufacturers," not SanDisk. *See* Dismissal Order at 12. "SanDisk, for its part, has done all the law requires it to do by telling the consumer how many bytes of storage each device provides." *Id.*

In addition, although the Court granted the prior motion to dismiss without ever needing to reach the issue, Plaintiffs' claims are also completely barred by a statutory safe harbor. Specifically, the definition of "GB" used by SanDisk is the U.S. Government-adopted definition that is automatically incorporated by statute into all commercial transactions. Consequently, claims like Plaintiffs' that are based on the use of a statutory definition like the definition of "GB" used by SanDisk are simply not cognizable under the law.

SanDisk therefore respectfully requests that this action be dismissed with prejudice.

## STATEMENT OF FACTS AND ALLEGATIONS

### A. The Parties and the Product at Issue

SanDisk makes and sells electronic storage devices, such as USB flash drives, removable memory cards, and solid state drives. Am. Compl. ¶ 4. Plaintiffs allegedly purchased SanDisk products for use with their computers. Am. Compl. ¶¶ 1-3. The packaging for these products includes an asterisk next to the "GB" symbol (an abbreviation for "gigabyte") on the front of the package that directs consumers to the precise definition of this symbol on the rear of the package: "1GB = 1,000,000,000 bytes." The Court previously took judicial notice of this disclosure. *See* Dismissal Order at 3-4. This definition is referred to as a "decimal" or "base-10" definition because it measures bytes as a power of 10: 1 gigabyte = $10^9$ bytes, which is one billion bytes.

### B. The Base-10 Definition of "GB" is the Government-Adopted Definition

Contrary to Plaintiffs' allegations, SanDisk's definition of "GB" as one billion bytes is far from arbitrary. It is the legal standard set by the U.S. Government, a fact of which this Court previously took judicial notice. *See* Dismissal Order at 4 (taking judicial notice of "U.S. Code and the Federal Register, as well as Guidelines published by the Department of Commerce" that adopt the decimal base-10 definition of GB as the legal definition). As recognized by the Court, the International System of Units ("SI") is the "preferred system of weights and measures for United States trade and commerce," 15 U.S.C. §§ 205b-205c, and the "Department of Commerce has officially adopted the metric system (*i.e.* decimal) as its measurement system." Dismissal Order at 10. California, too, has adopted the decimal system "as the basic unit of measure for all transactions in the state." *Id.* (citing Cal. Bus. & Prof. Code §§ 12313, 12301). Plaintiffs do not

dispute this fact, admitting in a prior pleading that "the governmental and industry standard definition for a gigabyte is one billion bytes." ECF No. 19 at 18.

### C. Plaintiffs' "Base-2" Definition is Disapproved by Government and Industry

In their Amended Complaint, Plaintiffs allege that the Microsoft Windows operating system used by their computers measures gigabytes using a binary (or base-2) system in which bytes are measured in powers of 2 (*e.g.*, $2^{10}$, $2^{20}$, $2^{30}$) where "1 GB" refers to $2^{30}$ or 1,073,741,824 bytes. Am. Compl. ¶¶ 18, 42-44. But as this Court previously recognized, this binary system has been rejected and disapproved by the U.S. Government because "'it is *inappropriate* to use [SI prefixes]' which includes Giga (the 'G' in 'GB'), 'to represent powers of 2' (*i.e.*, binary)." Dismissal Order at 10 (emphasis added) (quoting *Metric System of Measurement: Interpretation of the International System of Units for the United States*, 63 Fed. Reg. 40334, 40338 (July 28, 1998)). To ensure proper use of terms like "gigabyte" and "GB," the U.S. Government's National Institute of Standards and Technology ("NIST") has definitively stated that—contrary to the premise of Plaintiffs' complaint—it is "*unacceptable* to use kilo (k) to represent $2^{10}$ = 1024, mega (M) to represent $2^{20}$ = 1 048 576, or giga (G) to represent $2^{30}$ = 1 073 741 824." ECF No. 14-3 at 3 (emphasis added); *see* Dismissal Order at 4 (taking judicial notice of ECF Nos. 14-2 and 14-3). In short, the U.S. Government has rejected Plaintiff's argument and declared that "one kilobit represents 1000 bits and not 1024 bits." ECF No. 14-3 at 4.

Plaintiffs further concede that unlike the operating system used by their computers, other computer operating systems, such as all Apple operating systems released in the past ten years, measure bytes using the Government-standard base-10 decimal definition instead of the disapproved base-2 binary system. Am. Compl. ¶ 43. And when it comes to makers of electronic storage products like SanDisk, it has been recognized for over a decade that "the entire industry of storage devices, including HDDs, CD-ROMs and other add-ons, represents storage space using gigabytes in the [base-10] decimal measurement." *Suzuki v. Hitachi Glob. Storage Techs., Inc.*, No. 06-07289-MHP, 2007 U.S. Dist. LEXIS 51605, at *13 (N.D. Cal. July 17, 2007).

### D. Plaintiffs' Cited Dictionaries Include the Base-10 Definition of GB

In attempting to support their claim that the base-10 definition for gigabyte adopted by the Government is "arbitrary," Plaintiffs' Amended Complaint purports to quote from the definition of this term found in three separate dictionaries. Am. Compl. ¶¶ 13, 15-16. But for two of these dictionaries, Plaintiffs selectively omit the set of alternative definitions that match the base-10 definition used by SanDisk; and for the third dictionary, the portion quoted by Plaintiffs actually states—consistent with SanDisk's definition—that a gigabyte is one billion (one thousand million) bytes:

| | |
|---|---|
| Oxford Dictionary: | Definition of gigabyte in English: A unit of information **equal to one thousand million ($10^9$)** or, strictly, $2^{30}$ bytes. |
| Merriam-Webster: | Definition of gigabyte: 1024 megabytes or 1,073,741,824 bytes; also: **one billion bytes** |
| Dictionary.com: | gigabyte [citing definition snippets from other dictionaries]:<br>1. a measure of storage capacity equal to $2^{30}$ (1024) bytes.<br>1. computing one thousand and twenty-four megabytes<br>1. A unit of computer memory or data storage capacity equal to 1,024 megabytes ($2^{30}$ bytes).<br>2. **One billion bytes**. |

*See* Dismissal Order at 4 (taking judicial notice of these definitions).

### E. Plaintiffs' Claims

Notwithstanding the foregoing facts, Plaintiffs nevertheless allege that they got less storage space than what they should have received because the "1 GB = 1,000,000,000 bytes" definition stated right on the SanDisk package did not match the definition used by their computers' operating systems. Am. Compl. ¶¶ 30-31. Based on this allegation, Plaintiffs assert claims on behalf of themselves and a putative class of similarly-situated consumers for: (1) breach of contract ("contract claim"); (2) unfair competition under California Business & Professions Code § 17200 ("UCL claim"); (3) violation of the Consumer Legal Remedies Act in California Civil Code § 1750 ("CLRA claim"); and (4) false advertising under California Business & Professions Code § 17500 ("FAL claim").

As Plaintiffs' Amended Complaint concedes, each of these claims, and the entire case, "stems" from the allegation that SanDisk's use of the GB symbol along with the base-10

definition for gigabyte is "misrepresenting the storage capacity" of its USB flash drive products. Am. Compl. ¶ 12. Because this core allegation is not plausible and because Plaintiffs cannot state a claim without it, as recognized in the prior dismissal Order, SanDisk moves to dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, while the Court accepts as true all material allegations in the complaint, it need not accept the truth of conclusory allegations or unwarranted inferences, nor should it accept legal conclusions as true merely because they are cast in the form of factual allegations. *Id.* at 678-79; *accord Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

Nor should the Court accept as true allegations that are contradicted by documents on which the plaintiffs' claims are based. To that end, this Court previously took judicial notice of: (1) the product packaging of SanDisk's flash memory products containing an asterisk next to the term "GB" and a definition stating that "1 GB = 1,000,000,000 bytes;" (2) the fact that the U.S. Government has adopted the base-10 decimal standard used by SanDisk as the legal definition of GB for all commercial transactions; and (3) the complete definitions from the dictionaries Plaintiffs submitted, showing that these dictionaries include the decimal definition of gigabyte used by SanDisk. *See* Dismissal Order at 3-4.

## II. THE COURT ALREADY DISMISSED THE CONTRACT CLAIM WITH PREJUDICE

Plaintiffs' first claim for an alleged breach of contract is barred because the Court already dismissed the contract claim *with prejudice*. *See* Dismissal Order at 13-14. Just like the original complaint, Plaintiffs' Amended Complaint alleges a contract claim on the theory that SanDisk allegedly "promised to provide a USB Flash Drive with a storage capacity of 64 GBs or 256 GBs in exchange for the purchase price" and that SanDisk's "use of the term 'GBs' is ambiguous because it can refer to either a binary or decimal system of measuring storage." *Compare* Compl. ¶¶ 66-67, *with* Am. Compl. ¶¶ 78-79. But the Court already considered this claim and rejected it with prejudice. In granting SanDisk's prior motion to dismiss, the Court held that there could be no breach of contract because "what Defendant actually promised, as expressly noted on the packaging, was 64 decimal GBs, wherein '1 GB = 1,000,000,000 bytes.'" This Court further held that SanDisk "provided exactly what was promised by the express terms of the agreement" and that Plaintiffs' "failure to read those terms does not provide [them] grounds for a breach of contract claim." Dismissal Order at 13-14. Plaintiffs' attempt to replead this claim violates that Order.

## III. THE COURT ALREADY HELD THAT SANDISK'S PRODUCT LABELING PRECLUDES PLAINTIFFS' REMAINING CLAIMS

Although the Court granted Plaintiffs leave to amend their claims under the UCL, CLRA, and FAL, the Amended Complaint fails to add any new factual allegations that can salvage these claims. As with the prior complaint, Plaintiffs' amended UCL, CLRA, and FAL claims fail to state a claim because the product packaging and labels as a whole would not establish "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner*, 838 F.3d at 965-66 (affirming dismissal with prejudice of UCL, CLRA, FAL and other consumer claims where "Plaintiff has not alleged, and cannot allege, facts to state a plausible claim that the [product] label is false, deceptive, or misleading").

In dismissing the prior complaint, this Court held that "no reasonable consumer would believe based on Defendant's packaging that he was receiving more bytes than he actually received." Dismissal Order at 10. Citing *Ebner*, 838 F.3d at 965, the Court explained that SanDisk "tells the consumer exactly what she is getting: the package *actually discloses* the fact that Plaintiff complains it omits, namely, the total number of bytes of storage. It is simply not plausible that a reasonable consumer (whether she understands the binary/decimal distinction or not) would be deceived by the number of bytes in the storage device, given that the packaging tells her exactly how many bytes she will be getting. The consumer is notified of this disclosure by an asterisk directly next to 'GB' and a clear explanation elsewhere on the package." Dismissal Order at 12.

Plaintiffs appear to read the Court's order as suggesting that if they alleged that a reasonable consumer does not know that there are potentially different definitions of "GB" in use by computer manufacturers and hard drive manufacturers such as SanDisk, their claims may pass muster. Plaintiffs thus seek to state a claim by alleging that they did not "know that there was a difference between the decimal and binary system" and believed that "GB meant the same amount of memory when used for [their] computer and flash drive." Am. Compl. ¶¶ 1-3. But the Court already considered and rejected this theory as well. As the Court previously explained, "[t]o the extent Plaintiff could amend to allege that the reasonable consumer does not know how many bytes her *computer* requires (*i.e.*, how many bytes are in 64 binary GBs), Plaintiff's claims are more appropriately directed at the computer manufacturers. SanDisk, for its part, has done all the law requires it to do by telling the consumer how many bytes of storage each device provides." Dismissal Order at 12. Indeed, the Court expressly rejected both Plaintiffs' prior theory of a reasonable consumer, *and their new theory* of a reasonable consumer in its Order. *See* Dismissal Order at 12-13 (ruling that "under both Plaintiff's pled theory and an alternate theory offered at the hearing, Plaintiff has failed to state a claim that Defendant's packaging is misleading under the UCL, FAL, and CLRA").

Plaintiffs' Amended Complaint should therefore be dismissed with prejudice.

SANDISK'S MOT. TO DISMISS AMENDED COMPL.  -7-
CASE NO. 5:18-cv-05420-BLF

## IV. PLAINTIFF'S CLAIMS ARE BARRED BY A STATUTORY SAFE HARBOR BECAUSE SANDISK USES THE STATUTORY DEFINITION OF GIGABYTE

Because the Court granted the prior motion to dismiss on the ground that the definition printed on the product package precluded each of Plaintiffs' claims, the Court never reached the additional insurmountable hurdle that Plaintiffs' claims are also barred by a statutory safe harbor. *See* Dismissal Order at 6. Specifically: SanDisk's use of the "1 GB = 1,000,000,000 bytes" definition is not actionable as a matter of law because that definition has been adopted by the U.S. Government's National Institute of Standards and Technology and thereby incorporated by statute as the default legal definition of "GB" for all commercial transactions.

Under California law, no claim in contract or under the UCL, CLRA, or FAL can stand where, as here, the claim is based on the defendant's use of a definition of a standard of measurement adopted by the U.S. Department of Commerce's National Institute of Standards and Technology ("NIST"). Cal. Bus. & Prof. Code § 12313 ("The definitions of basic units of weight and measure ... as published by the National Institute of Standards and Technology are recognized and shall govern ... transactions in this state."); Cal. Bus. & Prof. Code § 12301 ("No contract or pleading is invalid or subject to objection because the weights or measures expressed or referred to therein are weights or measures of the metric system."); *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 576 (2011) (plaintiffs' tort, contract, and consumer protection claims were barred where defendant complied with NIST standards); *Suzuki*, 2007 U.S. Dist. LEXIS 51605, at *10 (claim based on hard drive manufacturer's use of the base-10 decimal definition for gigabyte was barred because that definition has been adopted by NIST). As the California Supreme Court has expressly held, "[i]f the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal 4th 163, 182 (1999).

The plaintiff in *Suzuki*, for example, just like Plaintiffs here, alleged that he was misled when he purchased a 250 GB disk drive made by the defendant because the defendant used the "1 GB = 1,000,000,000 bytes" base-10 definition instead of the base-2 definition used by the plaintiff's computer operating system. 2007 U.S. Dist. LEXIS 51605, at *2. The court took

judicial notice on a motion to dismiss of the fact that the NIST had adopted the base-10 decimal definition for gigabyte used by the defendant, and the court held that California law incorporated that standard by statute into all commercial transactions. *Id.* at *7-13. The court concluded that "plaintiff's UCL claim fails under California's safe harbor doctrine because using [base-10] decimal notation to represent [electronic storage] capacity is clearly permitted by the legislature." *Id.* at *13.[1]

Similarly, in *Lopez*, a more recent controlling decision by the California Court of Appeal, the plaintiffs alleged that the defendant's odometers were over-measuring mileage by approximately two percent, and based on this allegation asserted claims for breach of contract, tortious misrepresentation, and violations of the UCL, CLRA, and FAL consumer protection statutes. 201 Cal. App. 4th at 576. The court held, however, that despite the discrepancy, the odometers were legally "correct" because they registered mileage within the four percent accuracy definition set by the NIST. *Id.* Because the odometers operated consistent with NIST definitions and were legally "correct," plaintiffs could not state a claim for violation of the consumer protection statutes. *Id.*

Just as in *Lopez* and *Suzuki*, Plaintiffs' claims here are barred because they are each based on SanDisk's use of a definition adopted by the NIST and incorporated by statute into California law: 1 GB = 1,000,000,000 ($10^9$) bytes. The NIST has further expressly rejected Plaintiffs' proposed definition of $2^{30}$ bytes. ECF No. 14-3 at 3 ("it is unacceptable to use ... giga (G) to represent $2^{30}$ = 1 073 741 824"). Because SanDisk's use of the statutory definition of "GB" is expressly approved by law, no further inquiry is necessary—SanDisk is protected by the safe harbor doctrine because the legislature "clearly permit[s] the conduct." *Cel-Tech*, 20 Cal. 4th at 182-83. Plaintiffs' claims should thus be dismissed with prejudice.

---

[1] For unknown reasons, the defendant in *Suzuki* did not seek dismissal under the safe harbor for any claim other than a UCL claim; but subsequent controlling authority, including *Lopez*, 201 Cal. App. 4th at 576, have made clear that all tort, contract, and statutory claims are barred.

## V. DISMISSAL WITH PREJUDICE IS PROPER AS AMENDMENT IS FUTILE

Dismissal with prejudice is proper when "amendment would be futile." *Ebner*, 838 F.3d at 968 (affirming dismissal with prejudice of consumer deception claims). As in *Ebner*, further amendment here would be futile because no amendment can change that SanDisk's packaging disclosed the actual fact Plaintiffs complain is missing, and no amendment can change the fact that Plaintiffs' claims are barred by SanDisk's protected use of the legal definition of "GB" incorporated by statute into all commercial transactions.

Dismissal with prejudice is also proper because Plaintiffs have failed to correct the deficiencies previously identified by the Court. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (failure to correct prior deficiencies is "a strong indication that the plaintiffs have no additional facts to plead" and "that [they] ha[ve] made their best case"); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) (where a plaintiff has previously amended the complaint, a "district court's discretion to deny leave to amend is particularly broad").

## CONCLUSION

For these reasons, SanDisk respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated: August 2, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Anthony J Weibell*
Anthony J Weibell

*Attorneys for Defendant*
SANDISK LLC